01

02

03

04

05

06

07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08   ILIR STAROVA,                                    )
                                                      )   CASE NO. C13-0222-JLR-MAT
09                   Petitioner,                      )
                                                      )
10        v.                                          )
                                                      )   REPORT AND RECOMMENDATION
11   ERIC H. HOLDER, JR., Attorney General of )
     the United States, et al.,                       )
12                                                    )
                     Respondents.                     )
13   _____ )

14        On February 7, 2013, petitioner Ilir Starova, proceeding pro se, filed a petition for writ

15   of habeas corpus under 28 U.S.C. § 2241, which challenges his continued immigration

16   detention and seeks an order directing respondents to release him from immigration detention.

17   Dkt. No. 1.   After the habeas corpus petition was filed, however, petitioner was released from

18   immigration detention on February 28, 2013, under an order of supervision.   Dkt. No. 10, Exh.

19   A.   His habeas petition has, therefore, become moot and should be dismissed.

20        Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless .

21   . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."   28

22   U.S.C. § 2241(c)(3).   The "in custody" requirement is satisfied at the time the petition is filed.

REPORT AND RECOMMENDATION
PAGE -1

01  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  To maintain a habeas claim, a

02  petitioner must continue to have a personal stake in the outcome of the suit throughout "all

03  stages of federal judicial proceedings."  *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir.

04  2001).  At any stage of the proceedings, a petition may become moot "because it no longer

05  present[s] a case or controversy under Article III, § 2, of the Constitution."  *Spencer*, 523 U.S.

06  at 7.  "For a habeas petition to continue to present a live controversy after the petitioner's

07  release or deportation, however, there must be some remaining collateral consequences that

08  may be redressed by success on the petition."  *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir.

09  2007) (citing *Spencer*, 523 U.S. at 7).

10      Here, the relief sought in the habeas petition – release from immigration detention – is

11  no longer available and there are no collateral consequences that may be redressed.  *See id*.

12  ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas

13  petition does not continue to present a live controversy once the petitioner is released from

14  custody.").  The habeas petition, therefore, has become moot and should be dismissed.  *See*

15  *id*.; *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District

16  Court properly dismissed plaintiff's claims that had become either moot or unripe).

17      Therefore, it is recommended that respondents' motion to dismiss be GRANTED, and

18  this matter be dismissed with prejudice.  A proposed order accompanies this Report and

19  Recommendation.

20      DATED this 14th day of March, 2013.

21

22                                          Mary Alice Theiler
                                            United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -2